**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2889
_____

MARILYN M. HOPE,
                              Appellant

v.

PERSHING, a Bank of New York Mellon Company
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-17298)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2019
Before:  JORDAN, BIBAS, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

       Pro se appellant Marilyn Hope appeals from the District Court's order dismissing

her third amended complaint.  For the reasons discussed below, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hope instituted this action by filing a motion to proceed in forma pauperis ("IFP") and a complaint in the District Court in December 2018. Hope alleged that the she had been discriminated against and wrongfully removed from her employment with the Pershing company. She named Pershing as the only defendant, and she claimed that her rights under Title VII of the Civil Rights Act were violated. The District Court denied Hope's motion to proceed IFP for failure to establish her inability to pay. The District Court also explained that, even if Hope could meet the requirements to proceed IFP, her complaint would be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) because her short, conclusory allegations did not state a plausible claim of employment discrimination.

Hope then filed a letter, which the District Court construed as an amended complaint, substantiating her inability to pay and alleging that she was criticized while working on a project at Pershing. Hope also alleged that she was the only African American working on the project. The District Court granted Hope's motion to proceed IFP, screened the complaint, and dismissed it for failure to state a claim. The District Court explained that Hope failed to plead that she was removed from her employment under circumstances that raise an inference of discriminatory action. The District Court granted Hope leave to amend.

Hope then filed a second amended complaint. She provided additional allegations regarding her qualifications, the work she completed for Pershing, the accolades and criticisms that her work received, and her removal from the project. The District Court dismissed the complaint for failure to state a claim, again explaining that Hope failed to

allege any facts suggesting that Pershing's actions were motivated by her race. Although Hope had twice failed to correct the same deficiency, the District Court noted that she was proceeding pro se and provided her with a final opportunity to amend her complaint.

Hope then filed her third amended complaint, raising substantially the same allegations that she had raised in her previous complaints. The District Court dismissed the complaint, pursuant to § 1915(e)(2)(B)(ii) and with prejudice, for failure to state a claim. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly dismissed Hope's third amended complaint. Hope attempted to raise a claim of racial discrimination under Title VII. However, even after receiving multiple opportunities to replead and specific instructions from the District Court about the type of information to provide, Hope alleged only that she was the sole African American member of her team, that she received criticism for her work, and that

3

she was ultimately removed from her employment.  She included no allegations linking the criticism or her removal to her race.  Cf. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (explaining that a plaintiff "must establish some causal nexus" between race and adverse employment action).  These allegations fail to "raise a reasonable expectation that discovery will reveal evidence that" her race "played either a motivating or determinative factor" in Pershing's adverse employment actions.  Connelly v. Lane Constr. Corp., 809 F.3d 780, 791 (3d Cir. 2016); see generally Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination.").  Thus, Hope failed to state a claim that was plausible on its face.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] Because the District Court permitted Hope to amend her complaint on multiple occasions and provided her with clear guidance as to the information that an amended complaint should contain, the District Court properly dismissed the third amended complaint with prejudice.  See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).